990 F.2d 1378
 301 U.S.App.D.C. 108
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Sylvester STEVENS, a/k/a Sylvester Stevens, III; Hammer, Appellant.
 No. 91-3330.
 United States Court of Appeals, District of Columbia Circuit.
 March 31, 1993.
Rehearing Denied May 28, 1993.
 
 Before: RUTH B. GINSBURG, WILLIAMS, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the parties' submissions, the court is satisfied that appropriate disposition of the case does not warrant an opinion. See D.C.Cir. Rule 14(c).
 
 
 2
 A lesser included offense instruction will not be entertained as a basis for invalidating a conviction when defendant's counsel "specifically requested the instruction and successfully convinced the court to give it," thus waiving indictment. United States v. Ferguson, 758 F.2d 843, 851 (2d Cir.), cert. denied, 474 U.S. 1032 (1985); see also United States v. Young, 745 F.2d 733, 752 (2d Cir.1984) (defendant "cannot now complain of this charge ... because he requested it"), cert. denied sub nom. Myers v. United States, 470 U.S. 1084 (1985); cf. United States v. Mangieri, 694 F.2d 1270, 1280 (D.C.Cir.1982) (court is "especially reluctant to reverse" when defendant "invited" the charge now attacked).
 
 
 3
 We evaluate Stevens' ineffective assistance of counsel plea in light of the government's solid evidence on the counts charged in the indictment and the potential recidivist penalty facing Stevens had he been found guilty of possession with intent to distribute. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii). On the record before us, we discern no "substantial issue that requires a determination of facts" concerning the effectiveness of counsel's strategic judgment to invite a simple possession determination, see 21 U.S.C. § 844(a), and thereby avert a recidivist sentence; we therefore reject Stevens' current ineffective assistance plea and decline to order a remand. See United States v. Poston, 902 F.2d 90, 99 n. 9 (D.C.Cir.1990). For the reasons stated, it is
 
 
 4
 ORDERED AND ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 5
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15(b)(2).